**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 08 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRANSWESTERN PIPELINE COMPANY LLC, a Delaware limited liability company,<br><br>        Plaintiff - Appellee,<br><br> v.<br><br>46.78 ACRES OF PERMANENT EASEMENT LOCATED IN MARICOPA COUNTY, more or less; et al.,<br><br>        Defendants,<br><br>  and<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation, as Trustee under Trust 8435 and Trust 8436, also referred to at Trusts 3435 and 3436 and W.V.S.V. HOLDINGS LLC, an Arizona limited liability company,<br><br>        Defendants - Appellants. | No. 11-15558<br><br>D.C. No. 2:07-cv-02312-JWS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

John W. Sedwick, District Judge, Presiding

Argued and Submitted May 17, 2012
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

WVSV Holdings, LLC and First American Title Insurance Company, as trustee for the benefit of WVSV Holdings, LLC (collectively, "WVSV") appeal the district court's grant of summary judgment and exclusion of four expert witnesses. We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court did not abuse its discretion in excluding expert testimony. *United States v. Redlightning*, 624 F.3d 1090, 1110 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 2944 (2011) (citation omitted) (citing standard). The district court has broad discretion to "conclude that there [was] simply too great an analytical gap between the [factual support for an opinion] and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

The district court did not abuse its discretion in concluding that experts Dowdy and Wolf were not qualified to offer opinions on market perceptions, particularly in light of the fact that their opinions were not based on any market

-2-

data. *United States v. 87.98 Acres of Land*, 530 F.3d 899, 905 (9th Cir. 2008); *United States v. 760.807 Acres of Land*, 731 F.2d 1443, 1448 (9th Cir. 1984).

Similarly, the district court did not abuse its discretion when it found the testimony and report of James Chalmers partially unreliable.[1] Given the lack of foundation for his opinion, the district court did not abuse its discretion in excluding his testimony on whether a setback was needed, the appropriate distance for a setback, the hypothetical effect of the setback on a buyer, and his estimate of severance damages.

Finally, the district court did not abuse its discretion in excluding Johnson's testimony on the basis that Johnson was not qualified to testify as an owner's representative and that his testimony was derivative of Chalmers's excluded testimony.

The exclusion of expert testimony left WVSV without evidence to oppose a summary judgment motion; however, that result alone is not a basis for reversing the district court. *Joiner*, 522 U.S. at 142-43.

---

[1]Transwestern did not contest the admissibility of Chalmers's opinion regarding the fair market value of the permanent pipeline and temporary construction easements; thus, the district found those opinions admissible.

## II

Given the exclusion of expert witness testimony, the district court did not err in granting summary judgment. *See Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998).  Summary judgment is appropriate in a condemnation case where there is no disputed issue of material fact. *See Etalook v. Exxon Pipeline Co.*, 831 F.2d 1440, 1446-47 (9th Cir. 1987).

**AFFIRMED.**